UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIS COHEN CURTIS, | No. 2: 14-cv-1358 KJN P |
| Petitioner, | |
| v. | ORDER |
| GARY SWARTHOUT, | |
| Respondent. | |

Petitioner, a state prisoner proceeding through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

Petitioner challenges his 1995 conviction for first degree murder based on a felony murder theory. Petitioner is serving a sentence of life without the possibility of parole ("LWOP"). Petitioner was seventeen years old at the time he committed his offense.

Petitioner raises five claims challenging his LWOP sentence based on the Supreme Court's decision in Miller v. Alabama, 132 S. Ct. 2455 (2012). In Miller, a case which concerned a juvenile who was 14 years old at the time he committed a murder, the Supreme Court held that a mandatory LWOP sentence violates the Eighth Amendment, where a sentencing court has no discretion to consider the defendant's youth or other "mitigating qualities." Miller, 132 S. Ct. at 2467.

////

1

In claim one, petitioner argues that California Penal Code section 190.5(b), pursuant to which he was sentenced, violates the Supreme Court's decision in Miller because it does not require individualized consideration of the diminished culpability of a juvenile. In claim two, petitioner argues that he is entitled to resentencing because the trial court did not adequately consider the distinctive mitigating circumstances of his youth and background, as required by Miller. In claim three, petitioner argues that, pursuant to Miller, his LWOP sentence violates the Eighth Amendment. In claim four, petitioner argues that Miller applies retroactively to all juveniles sentenced to LWOP under California Penal Code § 190.5(b). In claim five, petitioner requests that this action be stayed. The undersigned addresses this request herein.

Following the Supreme Court's decision in Miller, the California Supreme Court granted review in two cases to consider whether California Penal Code 190.5(b) created an unconstitutional presumption in favor of an LWOP sentence in violation of Miller. See People v. Moffett, 209 Cal.App.4th 1465, review granted Jan. 3, 2013, S206771 (2012); People v. Gutierrez, 209 Cal.App.4th 646, review granted Jan. 3, 2013, S206365. (2012).

On April 30, 2014, the California Supreme Court denied petitioner's habeas corpus petition raising the claims raised in the instant petition without prejudice to the filing of an original petition in the superior court for any relief to which petitioner might be entitled following its resolution of People v. Gutierrez, S206365, and People v. Moffett, S206771. (ECF No. 1-3 at 267.)

On May 5, 2014, the California Supreme Court decided Gutierrez and Moffett in People v. Gutierrez, 58 Cal.4th 1354 (2014). "In Gutierrez, the California Supreme Court harmonized section 190.5(b) with Eighth Amendment protections by holding trial courts have discretion to sentence a youthful offender to 25 years to life or LWOP with no presumption in favor of the LWOP option." People v. Garrett, 2014 WL 2938099 at * 20 (June 30, 2014). "Because the defendants in Gutierrez had been sentenced under the prior, prevailing presumption in favor of LWOP, the Supreme Court held that resentencing was required." Id. at 21.

In claim five of the instant petition, petitioner requests that this action be stayed while he seeks further clarification in superior court regarding what relief he is entitled to under Gutierrez.

1  Petitioner is ordered to file further briefing addressing the grounds of his stay, addressing the
2  issues discussed herein.  In this further briefing, petitioner shall also address whether he has filed
3  his habeas corpus petition in the Superior Court.

4  In certain circumstances, the court has authority to stay a "mixed" petition containing both
5  exhausted and unexhausted claims. See Rhines v. Weber, 544 U.S. 269 (2005); King v. Ryan, 564
6  F.3d 1133, 1143 (9th Cir. 2009) (stay procedure authorized by Kelly v. Small, 315 F.3d 1063 (9th
7  Cir. 2003), overruled on other grounds, Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007) ("Kelly"
8  remains available after Rhines.)

9  The court cannot stay a completely unexhausted petition.  See Rasberry v. Garcia, 448
10 F.3d 1150, 1154 (9th Cir. 2006) (Rhines stay inappropriate); Dimitris v. Virga, 2012 WL
11 5289484, at *4 and n. 3 (C.D.Cal. Feb.16, 2012) (Rhines and Kelly stays inappropriate); Jarrar v.
12 Barnes, 2009 WL 2394361, at *1 n. 1 (E.D.Cal. Aug.4, 2009) (Kelly stay inappropriate).

13 In his further briefing, petitioner shall address whether a stay pursuant to Rhines or Kelly
14 is appropriate.  Petitioner shall address whether any of his claims are exhausted, based on his new
15 petition filed in the Superior Court.  Petitioner may also address any other grounds for a stay not
16 raised in the instant order.

17 In his further briefing, petitioner shall address why this action should not be dismissed
18 pursuant to Younger abstention.

19 A federal court will not intervene in a pending state criminal proceeding absent
20 extraordinary circumstances where the danger of irreparable harm is both great and immediate.
21 See Younger v. Harris, 401 U.S. 37, 45–46 (1971).  The doctrine of abstention precludes a federal
22 court from deciding a case when it would potentially intrude upon the powers of another court.  In
23 Younger, the Supreme Court held that a federal court, with valid subject-matter jurisdiction, was
24 prohibited from enjoining a state criminal proceeding without a valid showing of "extraordinary
25 circumstances" that warrant federal intervention.  Younger, 401 U.S. at 43–54.

26 Younger and its progeny are based on the interests of comity and federalism that counsel
27 federal courts to maintain respect for state functions and not unduly interfere with the state's good
28 faith efforts to enforce its own laws in its own courts.  Middlesex Cnty. Ethics Comm. v. Garden

1  State Bar Ass'n, 457 U.S. 423, 431 (1982); Dubinka v. Judges of Super. Ct. of the State of Cal.,
2  Cnty. of L.A., 23 F.3d 218, 223 (9th Cir. 1994); Lebbos v. Judges of Super. Ct., Santa Clara
3  Cnty., 883 F.2d 810, 813 (9th Cir. 1989).  The Younger rationale applies throughout appellate
4  proceedings, requiring that state appellate review of a conviction be exhausted before federal
5  court intervention is permitted.  Huffman v. Pursue, Ltd., 420 U.S. 592, 607–611 (1975).

6       Under the Younger Abstention Doctrine, federal courts may not stay or enjoin pending
7  state criminal court proceedings, nor grant monetary damages for constitutional violations arising
8  from them.  Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1986).

9       Younger abstention in a federal action is appropriate in favor of a state proceeding if four
10 criteria are met: (1) the state proceedings are ongoing; (2) the proceedings implicate important
11 state interests; (3) the state proceedings provide an adequate opportunity to litigate the petitioner's
12 federal constitutional claims; and (4) the federal action would interfere with the state proceedings
13 in a manner contrary to the holding of Younger.  See  San Jose Silicon Valley Chamber of
14 Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008).  If
15 all of the Younger requirements are satisfied, abstention is required unless the petitioner
16 demonstrates that the state proceedings are motivated by bad faith, the state law being challenged
17 is patently unconstitutional, or there is no adequate alternative state forum where the
18 constitutional issues can be raised.  Younger, 401 U.S. at 53–54.  These exceptions are to be
19 construed "very narrowly" and invoked only in "extraordinary circumstances."  Id.

20      Where Younger abstention applies, the court must then determine whether and how to
21 proceed.  A district court must dismiss claims for injunctive or declaratory relief, and it should
22 stay claims for monetary damages.  Gibson v. Berryhill, 411 U.S. 564, 577 (1973); Beltran v.
23 California, 871 F.2d 777, 782 (9th Cir. 1988).  Here, petitioner seeks habeas relief, not damages.

24      If petitioner is claiming that all of his claims are exhausted, then dismissal pursuant to
25 Younger appears appropriate.  In his further briefing, petitioner shall address why this action
26 should not be dismissed pursuant to the Younger abstention doctrine.

27 ////

28 ////

1  Accordingly, IT IS HEREBY ORDERED that within thirty days of the date of this order,
2  petitioner shall file the further briefing discussed above.
3  Dated:  July 18, 2014

5  Cul1358.ord

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE