UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIS COHEN CURTIS,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>GARY SWARTHOUT,<br><br>　　　　　　Respondent. | No. 2:14-cv-1358 KJN P<br><br><br>ORDER |

Petitioner is a state prisoner, proceeding through counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the undersigned. (ECF No. 3.)

Petitioner challenges his 1995 conviction for first degree murder based on a felony murder theory. Petitioner is serving a sentence of life without the possibility of parole ("LWOP"). Petitioner was seventeen years old at the time he committed his offense.

Petitioner requests that this action be stayed while he seeks additional relief in state court. On July 21, 2014, the undersigned issued an order directing petitioner to file further briefing addressing the grounds of his request for a stay. (ECF No. 4.) On August 15, 2014, petitioner filed a response to the July 21, 2014 order. (ECF No. 5.)

////

////

1

For the following reasons, the undersigned finds that this action should be dismissed because no claims are exhausted and there are no grounds for a stay.

Background

In the petition filed June 4, 2014, petitioner raises five claims challenging his LWOP sentence based on the Supreme Court's decision in Miller v. Alabama, 132 S. Ct. 2455 (2012). In Miller, a case which concerned a juvenile who was fourteen years old at the time he committed a murder, the Supreme Court held that a mandatory LWOP sentence violates the Eighth Amendment, where a sentencing court has no discretion to consider the defendant's youth or other "mitigating circumstances." Miller, 132 S. Ct. at 2467.

In claim one, petitioner argues that California Penal Code section 190.5(b), pursuant to which he was sentenced, violates the Supreme Court's decision in Miller because it does not require individualized consideration of the diminished culpability of a juvenile. In claim two, petitioner argues that he is entitled to resentencing because the trial court did not adequately consider the distinctive mitigating circumstances of his youth and background, as required by Miller. In claim three, petitioner argues that, pursuant to Miller, his LWOP sentence violates the Eighth Amendment. In claim four, petitioner argues that Miller applies retroactively to all juveniles sentenced to LWOP under California Penal Code § 190.5(b). In claim five, petitioner requests that this action be stayed.

The undersigned herein describes petitioner's relevant state post-conviction pleadings.

Petitioner filed a habeas corpus petition in the Sacramento County Superior Court raising the claims raised in the instant petition. This petition is not contained in this court's record.

On July, 17, 2013, the Superior Court denied the petition. (ECF No. 1-3 at 255-263.) The Superior Court acknowledged that the California Supreme Court had granted review in two cases in order to consider whether California Penal Code § 190.5(b) creates an unconstitutional presumption in favor of LWOP sentences. (Id. at 258-59.) See People v. Moffett, 209 Cal.App.4th 1465, review granted Jan. 3, 2013, S206771 (2012); People v. Gutierrez, 209 Cal.App.4th 646, review granted Jan. 3, 2013, S206365 (2012).

////

The Superior Court went on to find that while the trial court considered LWOP as the presumptive term, the trial court undertook an individualized determination of all of the evidence before imposing the LWOP sentence. (ECF No. 1-3 at at 260.) The Superior Court also acknowledged that California Penal Code § 1170(d)(2), effective January 1, 2013, authorized any offender who was under 18 at the time of the commission of their offense for which they were sentenced to LWOP to file a petition for recall of their sentence if they had served at least 15 years of their sentence. (Id. at 260.) The Superior Court stated that it appeared that petitioner was eligible to file a petition for resentencing pursuant to California Penal Code § 1170(d). (Id.) The Superior Court went on to deny the remainder of petitioner's claims. (Id. at 260-63.)

Petitioner filed a habeas corpus petition in the California Court of Appeal, which the appellate court denied without comment or citation on December 19, 2013. (Id. at 265.)

On April 30, 2014, the California Supreme Court denied petitioner's habeas petition raising the claims raised in the instant petition without prejudice to the filing of an original petition in the superior court for any relief to which petitioner might be entitled following its resolution of People v. Gutierrez, S206363, and People v. Moffett, S206771. (Id. at 267.)

On May 1, 2014, petitioner submitted a petition for recall pursuant to California Penal Code section 1170(d)(2) to the Sacramento County Superior Court asserting that he was eligible for resentencing. (ECF No. 5 at 3.) In his further briefing, petitioner states that on May 28, 2014, the Superior Court issued an order finding that petitioner "did satisfy the requisite criteria," apparently for resentencing under section 1170(d)(2). Id. Petitioner does not address whether he has actually been resentenced. In his further briefing, petitioner also states that because the section 1170(d)(2) petition offers the same relief as is sought in the Miller petition pending in this court, he has not yet reintroduced his Miller claims at the Superior Court level. (Id.)

On May 5, 2014, the California Supreme Court decided Gutierrez and Moffett in People v. Gutierrez, 58 Cal.4th 1354 (2014). "In Gutierrez, the California Supreme Court harmonized section 190.5(b) with Eighth Amendment protections by holding trial courts have discretion to sentence a youthful offender to 25 years to life or LWOP with no presumption in favor of the LWOP option." People v. Garrett, 227 Cal.App.4th 675, 689 (2014). "Because the defendants in

1  Gutierrez had been sentenced under the prior, prevailing presumption in favor of LWOP, the
2  Supreme Court held that resentencing was required." Id. at 690.  In Gutierrez, the California
3  Supreme Court also held, in essence, that a petition for recall pursuant to California Penal Code
4  section 1170(d)(2) is not a substitute for a request for re-sentencing pursuant to the holding in
5  Gutierrez.  See id. at 690.

6  Discussion:  Authority to Stay The Petition

7       In general, a habeas petition should be dismissed if a petitioner has failed to exhaust state
8  remedies as to even one claim.  Rose v. Lundy, 455 U.S. 509, 513-20.  To exhaust state remedies,
9  petitioner must present each of his claims to the state's highest court.  In turn, the state's highest
10  court must have disposed of each claim on the merits.  Carothers v. Rhay, 594 F.2d 225, 228 (9th
11  Cir. 1979).

12       In certain circumstances, the court has the authority to stay a "mixed" petition containing
13  both exhausted and unexhausted claims.  See Rhines v. Weber, 544 U.S. 269 (2005); King v.
14  Ryan, 564 F.2d 1133, 1143 (9th Cir. 2009) (stay procedure authorized by Kelly v. Small, 315
15  F.3d 1063 (9th Cir. 2003), overruled on other grounds, Robbin v. Carey, 481 F.3d 1143 (9th Cir.
16  2007)) ("Kelly" remains available after Rhines.).

17       However, the court cannot stay a completely unexhausted petition.  See Rasberry v.
18  Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (Rhines stay inappropriate); Dimitris v. Virga, 2012
19  WL 5289484, at *4 and n.3 (C.D. Cal. Feb. 16, 2012) (Rhines and Kelly stays inappropriate);
20  Jarrar v. Barnes, 2009 WL 2394361, at *1 n. 1 (E.D. Cal. Aug. 4, 2009) (Kelly stay
21  inappropriate).

22       In his further briefing, petitioner states that a stay pursuant to Rhines or Kelly would be
23  inappropriate because the petition is not a "mixed" petition containing both exhausted and
24  unexhausted claims.  (ECF No. 5 at 2.)  Petitioner concedes that none of the claims raised in the
25  petition are exhausted.  (Id. at 3.)  Petitioner indicates that he is in the process of exhausting his
26  claims.  (Id.)

27       The undersigned agrees with petitioner that no claims are exhausted.  By denying his
28  habeas petition without prejudice to the filing of a petition in the Superior Court following its

decision in Gutierrez, the California Supreme Court did not reach the merits of petitioner's claims.

Citing Nelson v. Sisto, 2009 WL 2579194 (E.D. Cal. 2009), in his further briefing petitioner requests that the court stay this action pursuant to its inherent power to stay actions. (ECF No. 5 at 3.) In Nelson, the district court stayed an apparently fully exhausted habeas petition pending the Ninth Circuit's decision in Hayward v. Marshall, 512 F.3d 536 (9th Cir. 2008), re'g en banc granted, 527 F.3d 797 (9th Cir. 2008). The district court cited its inherent power to stay cases to control its docket and promote efficient use of judicial resources. Id., at *1.

The undersigned has reviewed the cases cited by the district court in Nelson as authority for its inherent power to stay cases. See Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936); Dependable Highway Express v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007); Lockyer v. Mirant Corp., 398 F.3d 1098, 1110-1098 (9th Cir. 2005); Yong v. INS, 208 F.3d 1116 (9th Cir. 2000). None of these cases stand for the proposition that the court has the authority to stay an unexhausted habeas petition. As discussed above, the Ninth Circuit has found that the court does not have the authority to stay an unexhausted petition. Rasberry v.Garcia, 448 F.3d at 1154.[1]

Because none of petitioner's claims are unexhausted, this action must be dismissed.[2]

////
////

---

[1] In the further briefing, petitioner similarly argues that this action should be stayed pursuant to Nelson until the California Supreme Court decides In re Rainey, 168 Cal.Rptr.3d 719 (2014), petition for review granted June 11, 2014, No. S217567. Rainey addresses whether Miller applies retroactively to cases on collateral review. As indicated above, while district courts may have the authority to stay federal actions pending decisions by higher federal courts, the undersigned is aware of no authority authorizing a district court to stay an unexhausted habeas petition pending resolution of a case by a state supreme court.

[2] In the July 21, 2014 order, the undersigned directed petitioner to address why dismissal pursuant to the Younger abstention doctrine was not appropriate if he was claiming that his claims were fully exhausted. See Younger v. Harris, 401 U.S. 37 (1971). Because none of petitioner's claims are exhausted, the undersigned need not consider the issue of Younger abstention.

1  While petitioner expresses concern that he may lose access to federal review due to the statute of
2  limitations if this action is not stayed, for the reasons discussed above, the undersigned has no
3  authority to grant this request.
4     Accordingly, IT IS HEREBY ORDERED that this action is dismissed.
5  Dated: September 19, 2014

7  Cur1358.dis

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE